UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES VICTOR SHINN,

    Plaintiff,

v.

AMF BOWLING CENTERS, INC.,

    Defendant.

CIVIL ACTION
FILE NO.:  1:07-cv-00235

## DEFENDANT'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons  and complaint reflecting the information furnished in this disclosure response.

**N/A**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**N/A**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**This claim arises from Plaintiff's slip and fall at Defendant's bowling alley on or about June 22, 2006. Defendant denies liability and contest Plaintiff's claimed damages. Investigation of the circumstances of the accident is ongoing.**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**(1) O.C.G.A. § 51-11-7 (effect of plaintiff's failure to avoid consequences to defendant's negligence); (2) Georgia Law of Damages, O.C.G.A. §51-12-1, et seq.; (3) Georgia's common law principles regarding proximate cause and negligence; (4) Georgia's modified comparative negligence law; (5) Georgia's common law regarding slip and falls; (6) Georgia's common law doctrine of assumption of the risk, contributory negligence and avoidance; (7) Union Camp Corp. v. Helmy, 258 Ga. 263, 367 S.E.2d 796 (1988) (holding defendant's negligence must be greater than negligence attributable to the**

**plaintiff before plaintiff can recover); (8) O.C.G.A. §§ 51-12-31, 51-12-33 (apportioned liability).**

(5)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information .  (Attach witness list to Initial Disclosures as Attachment A.)

**See Attachment "A."**

(6)     Provide the name of any person who may be used at trial to present evidence under rules 702, 703 or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**This Defendant has not identified any expert witnesses as a person who may be expected to testify at trial.  This Defendant reserves the right to supplement this response in accordance with LR 26.2 C. ND. Ga.**

(7)     Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and description to Initial Disclosures as Attachment C.)

**See Attachment "C."**

(8)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary materials available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**N/A**

(9)     If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full

name, address and telephone number of such person or entity and describe in detail the basis of such liability.

**The plaintiff's own negligence may have caused or contributed to the accident which forms the basis of this lawsuit and may have exacerbated his damages.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**See Attachment "E."**

<u>s/ELENORE COTTER KLINGLER</u>
Georgia Bar No. 425190
For the Firm
Attorney for Defendant
DENNIS, CORRY, PORTER & SMITH, L.L.P.
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, Georgia 30305-4611
Telephone:(404) 365-0102
Facsimile: (404) 365-0134
Email:     eklingler@dcplaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2007, I electronically filed **DEFENDANT'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert M. Goldberg
160 West Crossville Road
Roswell, GA  30075

s/ELENORE COTTER KLINGLER
Georgia Bar No. 425190
For the Firm
Attorney for Defendant

DENNIS, CORRY, PORTER & SMITH, L.L.P.
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, Georgia 30305-4611
Telephone:  (404) 365-0102
Facsimile:  (404) 365-0134
Email:      eklingler@dcplaw.com

THIS IS TO CERTIFY that, pursuant to LR 5.1B, NDGa., the above document was prepared in Times New Roman, 14 pt.

2336-9890(JDD)