**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**CHARLES VICTOR SHINN,**

**Plaintiff,**

**v.**                                                    **1:07-cv-0235-WSD**

**AMF BOWLING CENTER, INC.,**

**Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant AMF Bowling Center, Inc.'s ("Defendant") Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment [28] ("Motion for Summary Judgment").

## I.    BACKGROUND

### A.    Factual Background

The following facts are deemed to be undisputed for the purpose of Defendant's Motion for Summary Judgment.  Unless otherwise indicated, these facts are drawn from the Defendant's Statement of Material Facts as to Which There is no Genuine Issue to be Tried, filed by Defendant in support of its Motion for Summary Judgment ("Defendant's Statement of Material Fact") [29], as well as Plaintiff Charles Victor Shinn's ("Plaintiff") Response to Defendant's Statement of

Material Facts As To Which No Genuine Issue Remains to be Tried ("Plaintiff's

Statement of Material Facts") [44].  <u>See</u> L.R. 56.1(B)(2), N.D. Ga.  Where the

party responding to a summary judgment motion does not directly refute a material

fact set forth in the movant's Statement of Material Facts with specific citations to

evidence, or otherwise fails to state a valid objection to the material fact pursuant

to Local Rule 56.1B(2), such fact has been deemed admitted by the respondent.

<u>See</u> <u>id.</u> at 56.1B(2).[1]  In all instances, the Court views the evidence and factual

inferences in the light most favorable to the party responding to a motion for

summary judgment, as required under Rule 56.  <u>Matsushita Elec. Indus. Co. v.</u>

<u>Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>McCabe v. Sharrett</u>, 12 F.3d 1558,

1560 (11th Cir. 1994); <u>Reynolds v. Bridgestone/Firestone, Inc.</u>, 989 F.2d 465, 469

(11th Cir. 1993).

On June 22, 2006, Plaintiff went bowling with a group of co-workers from

Reliable Heating and Air during a firm outing at AMF Bowling Center, Inc.'s

---

[1]  Plaintiff has included in his response both responses to Defendant's
Statement of Material Facts, as well as three additional facts which Plaintiff
contends are material and present a genuine issue for trial.  However, these
additional facts are not supported by a citation to evidence proving such facts.  The
Court does not consider any facts not supported by a citation to evidence or facts
stated as an issue or legal conclusion.  L.R. 56.1(B)(1); L.R. 56.1(B)(2)(b).

Woodstock bowling alley.  This group included Plaintiff, David Keener, Jeff Pittman, and several other individuals.  The group bowled on lanes 21 and 22. After bowling for some time, Plaintiff fell, injuring his hip in the process.  <u>See</u> Complaint at ¶¶ 6-7.  An accident report was filled out by the bowling alley's general manager, Jon M. Acuff, and Plaintiff was taken to the hospital by ambulance.  <u>See</u> Customer Accident Investigation Report, Exhibit to Plaintiff's Response to Defendant's Motion for Summary Judgment. [44].  Plaintiff subsequently underwent a complete hip replacement (Compl. at ¶ 7).  Plaintiff alleges he was an invitee on Defendant's premises, and that there was a defect on the premises that was known or should have been known to the Defendant and was unknown to the Plaintiff.  Compl. at ¶¶ 2, 4.  Plaintiff claims the defect was a slippery or greasy substance "intentionally placed on the floor by Defendants' [sic] agents."  Compl. at ¶ 4.  Plaintiff now brings this action, alleging Defendant's negligence in maintaining defective premises and in failing to warn the Plaintiff of the defect that caused Plaintiff to fall and suffer serious and permanent injuries. Compl. at ¶ 6.

B.    Procedural History

Plaintiff initially filed this action in Fulton County State Court.  On January 26, 2007, Defendant removed the state court case to this Court.  On September 24, 2007, Defendant's filed their Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

II.    **DISCUSSION**

A.    Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact.  Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).  The non-moving party "need not present evidence in a form

necessary for admission at trial; however, he may not merely rest on his pleadings." Id.

The Court must view all evidence in the light most favorable to the party opposing the motion and must resolve all reasonable doubts in the non-movant's favor. United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am., 894 F.2d 1555, 1558 (11th Cir. 1990). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B.    Defendant's Motion for Summary Judgment

Defendant argues that summary judgment is warranted because Plaintiff fails to establish causation, an essential element of a negligence claim. Defendant contends that because Plaintiff cannot identify the substance on which he slipped,

Plaintiff's claim of negligence necessarily fails and summary judgment is appropriate.  The Court agrees.

The parties agree that Georgia law is controlling.  "[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to the actions or conditions within the control of the owner/occupier."  Robinson v. Kroger, 493 S.E.2d 403, 414 (Ga. 1997).  As in any other negligence action, "[c]ausation is always an essential element in slip or trip and fall cases.  Where the plaintiff does not know of the cause or cannot prove the cause, there can be no recovery, because an essential element of negligence cannot be proven."  Moore v. Teague, 564 S.E.2d 817, 820 (Ga. Ct. App. 2002); Christopher v. Donna's Country Store, 511 S.E.2d 579, 580 (Ga. Ct. App. 1999) ("It is axiomatic that a plaintiff in a negligence case can prevail only if she shows that a defendant's negligence caused her injuries."), citing Alterman Foods v. Ligon, 272 S.E.2d 327 (Ga. 1980). Georgia courts have held that a mere possibility of causation is not enough to withstand summary judgment:

> When the defendant seeks summary judgment on the ground that there is no proof of causation, the plaintiff bears the burden of introducing evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result.  A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.

Hobday v. Galardi, 598 S.E.2d 350, 352 (Ga. Ct. App. 2004).

There is a plethora of cases in which Georgia appellate courts have repeatedly affirmed awards of summary judgment to defendants when the plaintiffs are unable to identify the causes of their injuries.  See Hobday, 598 S.E.2d at 352. The Georgia Court of Appeals decision in Christopher v. Donna's Country Store particularly is instructive because it considers facts remarkably similar to the facts in this case.  511 S.E.2d 579 (Ga. App. 1999).  In Christopher, Plaintiff alleged that she slipped and fell on a greasy substance that she did not see in defendant's parking lot.  The plaintiff admitted that she never saw a greasy substance in the parking lot prior to her fall and did not recall seeing anything on the ground after she fell.  See id. at 580.  Plaintiff based her allegation solely on the fact that she noticed a greasy substance on her arms and clothing after her fall, yet she admitted in her deposition that she did not know why she fell.  Plaintiff could only speculate

that a greasy substance caused her to slip and fall.  <u>See</u> <u>id</u>.  The court in

<u>Christopher</u> found these facts insufficient to prove negligence by the defendant,

stating that plaintiff's "speculations, taken in the light most favorable to her, are

merely conclusions and are probative of nothing."  <u>Id</u>. (internal citations omitted).

The court explained that "it is a well settled principle of negligence law that the

occurrence of an unfortunate event is not sufficient to authorize an inference of

negligence."  <u>Id</u>.

    That is all that Plaintiff has shown in this case and all that is present here:

the occurrence of an event, the cause of which is unknown.  It is undisputed that

Plaintiff fell and injured himself while bowling at Defendant's facility.  Though the

parties dispute whether or not Plaintiff crossed the "foul line"[2] before he fell,

Plaintiff has admitted he cannot identify any foreign substance that caused him to

---

[2] The foul line in a bowling alley separates the approach to each lane from
the area that the bowling ball travels before striking the pins.  Plaintiff admits that
he is familiar with the fact that on the "pin side" of the foul line, the lane is
conditioned with oil.  <u>See</u> Defendant's Statement of Material Facts at ¶ 5;
Plaintiff's Response to Defendant's Statement of Material Facts at ¶ 5.  Plaintiff
also admits that there is a blue sign hanging over the lane in which he fell which
states, "WARNING: Do NOT cross brown foul line due to slippery condition.", as
well as warnings on the ball returns for all lanes warning bowlers not to cross the
foul line.  <u>See</u> Defendant's Statement of Material Facts at ¶ 2-3; Plaintiff's
Response to Defendant's Statement of Material Facts at ¶¶ 2-3.

slip.  <u>See</u> Defendant's Statement of Material Facts at ¶ 28; Plaintiff's Response to

Defendant's Statement of Material Facts at ¶ 28.  Plaintiff testified in his

deposition:

> Question:    Do you know what you slipped on?  I mean did you see
> anything at any point?
>
> Plaintiff:     I didn't see anything.

Shinn deposition at p. 22.  Plaintiff also testified that he didn't see any

discoloration or debris as he approached the foul line.  <u>See id</u>. at p. 23.  The

following exchange took place soon after:

> Question:    What could the bowling alley have done to have
> prevented this?
>
> Plaintiff:     Check the lanes.  I can see from that picture you showed
> me, their machine, and that's where you oil lanes and get
> the lanes ready, but anything – a person going across the
> foul line could drag it back.  Somebody could have
> spilled something.  I don't know, but one of the things I
> think you should do is, as you are maintaining your
> business, is you check your lanes out.

<u>Id</u>. at p. 32.  Plaintiff, like the plaintiff in <u>Christopher</u>, has not identified what

caused him to fall.  Furthermore, there is no evidence of any substance or debris in

or around the area where Plaintiff claims he slipped.  The best Plaintiff can offer is

his speculation and conjecture about the possible causes of his fall.  That is not

enough to show causation.

Plaintiff has attempted to rely on various theories of negligence on the part

of Defendant to support his claim.  Plaintiff contends that "the jury could find that

the Defendant mistakenly placed the slippery substance or allowed it to leak in an

area where no warning signs applied and that that was the cause of Plaintiff's

severe fall and injuries."  Plaintiff's Response to Defendant's Motion for Summary

Judgment at p. 10.  Plaintiff also argues that the machine used to place oil had prior

maintenance problems (Id. at p. 4), and that "[c]onstructive knowledge may be

inferred when there is evidence that the owner lacked a reasonable inspection

procedure."  Id. at p. 6.  Plaintiff's arguments all necessarily fail because Plaintiff

simply cannot identify the hazard which caused him to fall.[3]

---

[3] Plaintiff's only offering of the identity of the substance on which he slipped
is the accident report from the incident, which states that Plaintiff slipped on lane
oil.  As Defendant points out, Plaintiff has taken the reference to "lane oil" out of
context.  The description of the incident states in its entirety: "Customer crossed
foul line while bowling.  Slipped in lane oil and fell backwards on left hip and hit
head."  Customer Accident Report at p. 2.  According to the accident report,
Plaintiff slipped in lane oil *after* crossing the foul line.  Yet Plaintiff maintains that
he did not cross the foul line until after he slipped, somewhere on the bowler's side
of the foul line.  Plaintiff also admits that he does not know what he slipped on,
and his speculation in his deposition testimony reveals as much.  Plaintiff cannot
have it both ways.  Either he crossed the foul line and then slipped in the lane

The opinion in <u>Moore v. League</u> also is instructive.  564 S.E.2d 817 (Ga. Ct. App. 2002).  In <u>Moore</u>, the plaintiff was an invitee in defendant's home attending a party.  Plaintiff fell in the defendant's kitchen but did not know why she slipped and fell.  She assumed that it was due to a wet floor, but plaintiff did not actually know if the floor was wet.  Everyone at the party, including the plaintiff, was aware that the icemaker malfunctioned twice during the party, spilling ice onto the floor.  <u>See</u> <u>id.</u> at 819.  The Georgia Court of Appeals granted summary judgment for the defendant because the plaintiff could not show a dangerous condition of which the defendant had knowledge that caused the injury.  <u>Id</u>. at 820-21.  The mere fact that the icemaker malfunctioned was insufficient evidence to demonstrate that the defendant caused plaintiff to fall; plaintiff just assumed that the floor was wet.  The court stated:  "Where the cause of the fall, as in this case, is mere speculation, guess, or conjecture, there is not even a scintilla of evidence to create a material issue of fact for jury determination, because such conjecture has

---

oil–in which case he was warned that the pin side was slippery (and in fact admitted he is aware the lanes are conditioned with oil)–or he slipped before crossing the foul line on a substance he cannot identify, in which case he has failed to prove Defendant's actions caused his injury.

no probative value to create an issue of fact." <u>Moore</u>, 564 S.E.2d at 820.

Assumption and speculation do not establish causation.

The Plaintiff here, like in <u>Moore</u>, simply speculates as to the cause of the

fall: "a jury could find that the Defendants [sic] were knowingly using old

equipment which was having maintenance problems at the time, or because the

jury could frind [sic] that Defendant's mechanic spilled some of the oil in the

process of refilling the machine in that area and just did not take the time to clean it

up . . . ." Plaintiff's Response to Defendant's Motion for Summary Judgment at p.

13.  The facts are, however, that Plaintiff does not know what he slipped on, and

simply speculates that "[s]omebody could have spilled something."  Shinn depo. at

p. 32.  Plaintiff's arguments are mere conjecture.

Georgia courts have repeatedly affirmed grants of summary judgment to

defendants when plaintiffs are unable to identify the causes of their injuries.  <u>See</u>

<u>Christopher</u>, 511 S.E.2d 579 (Ga. Ct. App. 1999); <u>Moore</u>, 564 S.E.2d 817 (Ga. Ct.

App. 2002); <u>Shadburn v. Whitlow</u>, 533 S.E.2d 765 (Ga. Ct. App. 2000) (affirming

summary judgment where plaintiff and plaintiff's lunch companions believed she

had tripped on loose carpeting they had noticed at the top of the restaurant

stairwell, but admitted that they were not actually certain what had caused the fall);

Pennington v. WJL, LLC, 589 S.E.2d 259 (Ga. Ct. App. 2003) (affirming summary judgment where plaintiff fell in a darkened warehouse and did not recall his feet striking anything, finding that plaintiff's thought that common sense dictated that he must have tripped on some hoses located on the floor was based on mere speculation); Hobday v. Galardi, 598 S.E.2d 350, 353 (Ga. Ct. App. 2004) (Plaintiff admitted he did not see object that struck him in the eye, and expert testimony that bullet ricochet is possible when metal targets are used is not sufficient to establish causation).

Plaintiff has not pointed to any evidence that identifies what he fell on or what caused him to fall, if anything. The fact that Plaintiff believes he fell on something slippery, or that Defendant *could* have spilled or negligently applied the lane oil on the bowler's side of the foul line, is insufficient evidence to establish causation.[4][5]

---

[4] It should be noted that Plaintiff has not presented evidence that lane oil had ever been found on the bowler's side of the foul line at Defendant's bowling alley, either on the day of his injury or anytime in the past. Nor has Plaintiff presented evidence that a spill from the spill-proof container ever occurred or that the machine mistakenly placed oil on the bowler's side of the foul line.

[5] Plaintiff cites the Georgia Supreme Court cases Robinson v. Kroger Company, 493 S.E.2d 403 (Ga. 1997) and Dickerson v. Guest Services Company of Virginia, et al., 653 S.E.2d 699 (Ga. 2007) in support of his opposition to summary judgment. Neither case is helpful to the Plaintiff. In Robinson, a woman

All the Plaintiff has shown here is that he fell, either on something or

nothing at all.  He cannot point to anyone who saw any substance or debris which

may have caused his fall, and cannot himself identify on what, if anything, he

slipped.  Plaintiff simply has failed to establish the necessary element of causation

to sustain an action for negligence.

---

fell in a supermarket after slipping on a foreign substance on the store's floor.  The
Court of Appeals ruled that "the proximate cause of Mrs. Robinson's fall was her
failure to exercise ordinary care for her personal safety."  Robinson, 493 S.E.2d at
405.  The Supreme Court reversed, finding that defendant must first establish
negligence on the part of the plaintiff before plaintiff must prove a lack of
knowledge of a hazard despite the exercise of ordinary care.  Here there is simply
no evidence that a hazard, if any, existed.

In Dickerson, the plaintiff slipped and fell on wet stairs leading from a
restaurant to a store in the same building.  Both the plaintiff and defendant knew it
had been raining that day and the stairs were wet and were located near the
building's entrance.  Plaintiff knew and identified *what* caused her fall.  See
Dickerson, 653 S.E.2d at 700.  The Supreme Court of Georgia reversed the grant of
summary judgment, stating that the defendant, having actual knowledge, had
superior knowledge of the hazard than the plaintiff, who had at most constructive
knowledge of the hazard before she fell.

Plaintiff has not identified what caused him to fall and there is not evidence
Defendant here had any knowledge of any slippery condition.  Plaintiff has
admitted that no one reported any problems to bowling alley employees about any
foreign substances or any problems with the lanes on which he and his coworkers
were bowling.  See Defendant's Statement of Material Facts at ¶ 27; Plaintiff's
Response to Defendant's Statement of Material Facts at ¶ 27.

**III.    CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary

Judgment [28] is **GRANTED**.

**SO ORDERED** this 11th day of March, 2008.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

-15-